F I L E D
at 10 O'clock & 50 min A M
Date 6-13-07 CK

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re:<br><br>Lawrence Moody<br><br>Debtor<br><br>Lawrence Moody<br><br>Plaintiff,<br>v.<br><br>Butler Enterprises<br><br>Defendant. | Chapter 13<br><br>Case No. 07-40596-LWD<br><br><br><br>Adv. Proc.<br>No. 07-04075 LWD |

## MEMORANDUM AND ORDER

The Defendant ("Butler") holds a purchase money security interest in two vehicles owned by the Debtor. When the Debtor fell behind in payments, Butler repossessed one of the vehicles, a 1999 Ford F-150 pickup truck. Several days later, the Debtor filed a chapter 13 bankruptcy petition and immediately filed the above-captioned complaint demanding an emergency hearing, and return of the truck. The Debtor also demanded damages for what he termed a violation of the automatic stay based on Butler's refusal to voluntarily return the truck. On May 16th, I denied the Debtor's prayers for relief on an interim basis.

After consideration of the evidence adduced at the hearings, and the arguments of counsel, I make the following findings of fact and conclusions of law.

### FACTS

Butler's proof of claim shows that it sold the Debtor the 1999 Ford F-150 in February of 2006. The Debtor made payments on the truck until he was laid-off from the Savannah Sugar Refinery in January or February of 2007.

On May 16th, the Debtor testified that he had been recalled to work at the refinery a couple of weeks earlier but could not return to work without his truck; once he had possession of

his truck, he could travel to the refinery, fill out some paperwork to terminate his unemployment compensation and resume his job.[1]

In denying the Debtor's request for possession of the truck on an interim basis, I instructed the Debtor that by the time of the next hearing, he either needed to have his job back, or have some written statement from the refinery that they wanted him to return to work there.

On June 6th, the Debtor had not returned to work, had not gotten a written statement from the refinery, and had begun looking for other work. He admitted that he had no assurance that he would be able to return to the refinery and denied his earlier representations to the Court.

Although he filed his chapter 13 petition and plan on April 24, 2007, the Debtor has made no payments to the chapter 13 trustee or to Butler since the case was filed.

## CONCLUSIONS OF LAW

### Turnover

Sections 542 and 363 of the Bankruptcy Code give this Court the power to require a third party in possession of property of the estate to surrender that property if the trustee (or in this case, the chapter 13 debtor) may use, sell or lease that property. However, the right of the trustee and/or debtor to use such property is subject to the right of any creditor secured by that property to be "adequately protected:"

> [T]he court shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. §363(e).

The trustee (or debtor, in this case) has the burden of proving adequate protection. 11 U.S.C. §363(p) That protection must be of the most indubitable equivalence. 11 U.S.C. §361. The Debtor introduced no evidence that Butler's interest in the truck is currently being adequately protected, or would be adequately protected if the Debtor recovered possession of the truck.

Section 1326(a)(1) of the Bankruptcy Code requires the debtor to provide adequate

---

[1] He testified that his 2nd vehicle, a 1998 Ford Explorer, had transmission problems and was not driveable.

protection to purchase-money secured creditors like Butler by making adequate protection payments starting "not later than 30 days after the date of the filing of the plan or the order from relief, whichever is earlier." The same section also requires the debtor to begin making plan payments to the trustee within the same time frame. The Debtor did not begin such payments.

The Debtor has been out of work since January or February. He has a demonstrated inability to make adequate protection payments without a job, and no assurance of having a job any time soon. Under the circumstances, this court cannot conclude that Butler's interest in the truck is adequately protected. To force Butler to return the truck to the Debtor would simply subject Butler to further risk and faster depreciation of its collateral.

### Stay Violation

As I have previously ruled, it is not a stay violation for a creditor who repossesses pre-petition to retain possession of its collateral, preserving the status quo until the court has an opportunity to resolve any adequate protection issues. In re Wilson Herman Lee Brown, 210 B.R. 897 (B.C. S.D.Ga., 1997). Butler's retention of the Debtor's F-150 pending an order from this Court is not a stay violation. The Debtor is not entitled to damages for Butler's conduct.

### ORDER

Pursuant to the foregoing findings of fact and conclusions of law, it is the order of this court that the Plaintiff's prayers for relief are denied.

This 12th day of June, 2007.

_____
Lamar W. Davis, Jr.
U.S. Bankruptcy Judge

presented by:
Mark Bulovic
P.O. Box 9026
Savannah, GA 31412
(912) 234-1215
094525